UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EVONNA MATHIS,

    Plaintiff,

v.                                                                         Hon. Janet T. Neff

UNITED STATES MARSHAL SERVICE,               Case No. 1:20-cv-00711

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on July 31, 2020, against the United States Marshal's Service. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff's complaint consists of one page containing the following statements:

> Federal question regarding civil rights & protection/discovery (under the law–Ohio court cases). Jurisdiction was established 2014 citizenship in Ohio & Michigan. Civil right violation/civil right question. 1964 employment (statute)[,] housing (fair)[,] civil liberties (US Constitution) [and] credit-worthiness reporting.

(ECF No. 1.)

Plaintiff alleges no facts indicating what her claim is about. She does not explain why she is suing the Marshals Service or what occurred that makes her believe she has a federal claim. In order to determine whether Plaintiff has stated a valid claim, the Court would have to speculate why Plaintiff filed her complaint, which it may not do. In addition, Plaintiff may not sue the Marshals Service because it is an agency of the United States and, therefore, is protected by sovereign immunity. *See Culliver v. Corrs. Corp. of Am.*, No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000) ("Finally, Culliver sued the United States Marshals Service. As an agency of the United States, Culliver's suit is barred by the doctrine of sovereign immunity."); *see also*

*Hurt v. United States Marshals Service*, 210 F. App'x 13 (D.C. Cir. 2006) (per curiam) ("Sovereign immunity bars suits, such as appellant's, for money damages against an agency of the Federal Government.").

Accordingly, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **dismissed**.  The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law.  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  For the same reasons that the undersigned recommends dismissal of the action, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  August 13, 2020                              /s/ Sally J. Berens
                                                                SALLY J. BERENS
                                                                U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).